UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-0016-JHM-HBB

ADA-ES, INC.                                                                                       PLAINTIFF

VS.

BIG RIVERS ELECTRIC CORPORATION                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion for leave to file a counterclaim (DN 70). Plaintiff, ADA-ES ("ADA"), Inc., has filed a response in opposition (DN 71), and Big Rivers has filed a reply (DN 72).

### Background

ADA is a Colorado corporation that develops proprietary environmental technology that assists power plants reduce emissions and comply with emission control regulations (DN 20 PageID # 181). This case concerns a contract between ADA and Big Rivers for ADA to design and implement a dry sorbent injection system ("DSI") at Big Rivers' D.B Wilson Power Plant in Centertown, Kentucky. ADA alleges that it designed and implemented a DSI system in accordance with the terms of the subject contract. Big Rivers tested the DSI system and determined that it failed to reduce the amount of $SO_3$ emissions to less than five parts per million as was guaranteed under the contract (Id.).

ADA asserts the failure was the result of Big Rivers non-compliance with proper testing procedures delineated in the contract (Id. at 183). Big Rivers subsequently issued a claim for damages in the amount of $605,458.78 and withheld $563,382.56 of contractually owed payments

(Id.). ADA further alleges Big Rivers fraudulently withdrew the entirety of an $807,651 Letter of Credit from CoBiz Bank (Id. at 184). The Letter of Credit was to serve as security for performance of the contract (Id. at 181). ADA claims Big Rivers fraudulently communicated to CoBiz Bank that ADA was in breach of contract and had been informed of Big Rivers' intent to withdraw the Letter of Credit. (Id. at 184). ADA filed a complaint on April 21, 2017 in United States District Court for the District of Colorado (DN 3). It filed an amended complaint on May 11, 2017 presenting five claims for relief: 1) Fraud, 2) Unjust Enrichment, 3) Declaratory Relief, 4) Breach of UCC Warranties, and 5) Breach of Contract.

Big Rivers filed a motion to dismiss ADA's claims for lack of personal jurisdiction and failure to state a claim (DN 27). The Colorado District Court transferred the case *sua sponte* to the Western District of Kentucky (DN 39). Big Rivers answered ADA's complaint in the Western District of Kentucky. It denied all claims against them and asserted nine affirmative defenses (DN 49 PageID # 1129). On April 19, 2018 the undersigned submitted a scheduling order requiring all amended pleadings be submitted by December 21, 2018. The parties then filed competing motions for summary judgment (DN 59 and DN 63). Before this Court could rule on the summary judgment motions, Big Rivers filed a motion for leave to file a counterclaim on December 7, 2018 (DN 70). ADA filed a response opposing the motion (DN 71) and Big Rivers replied (DN 72).

<u>Analysis</u>

The Court "should freely give leave [to amend] when justice so requires". Fed R. Civ. P. 15(a)(2). Considering this liberal view, a motion to amend a pleading "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile." <u>Colvin v. Caruso</u>, 605 F. 3d 282, 294 (6th Cir. 2010) (*citing* <u>Crawford v. Roane</u>, 53 F. 3d 750, 753 (6th Cir. 1995)).

Here, Big Rivers moves the Court for leave to file a counterclaim asserting a new claim for breach of contract, breach of express warranty, breach of covenant of good faith and fair dealing, and a declaration of rights regarding attorney's fees (DN 70). ADA objects to the counterclaim, arguing that if the Court were to grant summary judgment in its favor on either of its previous requests for declaratory judgment, the proposed counterclaim would be futile. Therefore, Big Rivers' proposed counterclaim should be denied (DN 71 PageID # 2041). This argument is inapposite.

A proposed amendment to a pleading is futile if the amendment "could not withstand a 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F. 3d 417, 420 (6th Cir. 2000). To survive a motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." Tackett v. M&G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (*citing* Gunasekera v. Irwin, 551 F. 3d 461, 466 (6th Cir. 2009)). The probability that a summary judgment motion will be successful is irrelevant to the question of futility.

In its proposed amended counterclaim, Big Rivers presents four claims against ADA (DN 70-1). The first is for breach of contract (Id. at 2032). Big Rivers alleges ADA promised to "provide Big Rivers with a DSI system that, while using a reagent meeting the specifications listing in Paragraph 31 [of the contract], would, among other things, reduce $SO_3$ to 5 ppm." (DN 70-1 PageID # 2032) (internal citations omitted). Big Rivers claims that after two performance tests

ADA's DSI system failed to reduce $SO_3$ to 5 ppm or lower (Id.). Taking these facts to be true, as the Court is required to do, Big Rivers' claim for breach of contract contains sufficient factual matter to survive a Rule 12(b)(6) motion.

Big Rivers' second claim is for breach of express warranty (Id. at 2033). Big Rivers alleges ADA expressly warranted "that it would undertake an investigation into the 'root cause' of any failure of the DSI system … and remedy any failure to comply with the RFQ, Contract, or any guarantees found therein" (Id. at 2034). Big Rivers adds that the express warranty entitled it to corrective action by a third party and ADA would be liable for costs (Id.). Big Rivers' alleges that ADA's DSI system failed to meet the required $SO_3$ emission standards, sound-level requirements, and injection-rate requirements. It claims ADA did not comply with the contract's warranty requirements and ignored requests for compensation (Id.). Again, these facts, if true, survive the liberal 12(b)(6) standard for dismissal for failure to state a claim.

Big Rivers' third claim is for breach of covenant of good faith and fair dealing (Id. at 2034). Every contract includes an implied covenant of good faith and fair dealing. Allis-Chambers Corp. v. Lueck, 471 U.S. 202 (*citing* Restatement (Second) of Contracts § 205 (1981)). The covenant can be violated by "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." Restatement (Second) of Contracts § 205, cmt. d. Big Rivers accuses ADA of breaching the covenant by "walk[ing] away from the project and refus[ing] to communicate with Big Rivers regarding the DSI system." Big Rivers further alleges that ADA sued in bad faith after it exercised its contractual right to draw on the letter of credit. These facts on their face are enough to survive a 12(b)(6) motion for dismissal.

Big Rivers fourth and final claim is for a declaration of rights regarding attorney's fees (DN 70-1 PageID # 2035-36). Big Rivers alleges that the contract contains an Attorney's Fees provision that entitles it to recovery of fees from ADA in the event the contract is breached (Id. at 2035). Big Rivers argues the Attorney's Fees provision was triggered when ADA sued Big Rivers for breach of contract and fraud forcing it to incur expenses in defense. It also seeks to recover expenses incurred enforcing its own contractual rights stemming from ADA's alleged breach of contract. Again, these claims present a sufficient factual basis to survive a 12(b)(6) motion.

ADA relies on this Court's prospective acceptance of their motion for summary judgment as reason to reject Big Rivers proposed counterclaim. This argument misses the mark. The relevant standard for futility is that of a 12(b)(6) motion to dismiss for failure to state a claim. Big Rivers' counterclaim presents a sufficient factual basis to survive that lenient standard and its motion was filed in a timely manner.

Order

**IT IS HEREBY ORDERED** that Big Rivers' motion for leave to file a counterclaim (DN 70) is hereby **GRANTED**. Pursuant to this order, the Clerk of the Court is directed to file the proposed counterclaim at DN 70-1.

Copies:    Counsel